UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22168-ALTMAN/Sanchez

**XYZ CORPORATION**,

    *Plaintiff*,

*v.*

**THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A**,

    *Defendants.*

_____/

**ORDER GRANTING APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION**

XYZ Corporation, our Plaintiff, has filed Motion for Preliminary Injunction (the "Motion") [ECF No. 12], requesting that the Court enter a preliminary injunction against the Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified in Schedule A to the Amended Complaint [ECF No. 9-2], pursuant to 17 U.S.C. § 501(a) and Federal Rule of Procedure 65. A hearing on the Plaintiff's Motion was held on August 12, 2024. *See* Paperless Minute Entry [ECF No. 30]. For the reasons stated on the record at the hearing, we now **GRANT** the Plaintiff's Motion for Preliminary Injunction as to the Ebay Defendants (Defs. Nos. 24–37 on Schedule A) and **DEFER** ruling on that Motion as to the Amazon Defendants (Defs. No. 1–22 on Schedule A).[1]

**BACKGROUND**

The Plaintiff is the owner of a United States Design Patent, No. USD908272S, for an ornamental design for an LED light (hereinafter "Plaintiff's Patent" or "272 Patent"), which Plaintiff uses for manufacturing, advertising, marketing, offering for sale and/or soliciting the sale of retail goods,

---

[1] The sole "Walmart Defendant" (Def. No. 23 on Schedule A) has since been dismissed from this action. *See* Order of Dismissal [ECF No. 20].

specifically LED lights. *See* Declaration of Yu Jun Tan in Support of Plaintiff's Motion ("Tan Decl.") [ECF No. 12-2] ¶¶ 1–3. The "Plaintiff's Patent has been registered with the United States Patent and Trademark Office . . . and is protected from infringement under federal patent law." Complaint [ECF No. 1] ¶ 2.

According to the Plaintiff, the Defendants are "manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patent within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites." *Id.* ¶ 3. And the Plaintiff has "expended a significant amount of resources in connection with patent enforcement efforts, including legal fees and investigative fees to protect its Patent against counterfeit actions. Motion at 3; *see also* Tan Decl. ¶ 7 ("[The Plaintiff] has expended time, money and other resources developing, advertising and otherwise promoting the '272 Patent.'"). The Plaintiff argues that the Defendants are infringing on the Plaintiff's Patent "without Plaintiff's permission or license." Motion at 3.

"As part of its ongoing investigation regarding the sale of infringing products utilizing Plaintiff's 272 Patent, Defendants' Internet based e-commerce stores were accessed under their respective Seller IDs through the Amazon, Ebay, Temu and Walmart platforms, as identified on Schedule A." *Id.* at 4 (citing Schedule A); *see also* Tan Decl. ¶ 10 ("[The Plaintiff] discovered Defendants were manufacturing, promoting, advertising, offering for sale and/or selling goods using the '272 Patent,' without authorization, through e-commerce stores operating under the seller identities named in Schedule A[.]"). The Plaintiff ultimately "determined that products are being offered for sale using unauthorized and infringing copies of the 272 Patent and orders were initiated via each Defendants' Seller IDs." Motion at 4.

2

On June 5, 2024, the Plaintiff filed its Complaint against the Defendants for federal patent infringement. *See* Complaint ¶¶ 34–48. And, on July 16, 2024, we entered a Temporary Restraining Order against the Defendants [ECF No. 15]. The Plaintiff now seeks a preliminary injunction.

## THE LAW

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## ANALYSIS

"In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The sufficiency of notice "is a matter left within the discretion of the trial court." *United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986).

On July 29, 2024, the Plaintiff informed us that the Ebay Defendants were served in compliance with our Order. *See* Notice of Compliance [ECF No. 25] at 1 n.2 ("[Ebay] Defendants were served via e-mail and by publication pursuant to Court Order[.]" (cleaned up)). But, at that time, the Plaintiff *hadn't* yet served the Amazon Defendants "because third party provider Amazon[ ] ha[d] yet to provide [their] contact information[.]" *Id.* at 1. The Amazon Defendants were not served until August 7, 2024. *See* Proof of Service [ECF No. 28] at 1.

The sufficiency of the notice is largely case-specific. *See* 11A CHAS. ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2949 ("Although the timing requirements are applied flexibly in practice, the underlying principle of giving the party opposing the application notice and an adequate opportunity to respond is carefully honored by the courts."). In *Marshall Durbin Farms*,

the Former Fifth Circuit found that five-days' notice of a preliminary-injunction hearing did not satisfy Due Process where "the defendants were obliged, within a few days, to . . . retain[ ] counsel, locat[e] the numerous persons and investigat[e] the multitude of occurrences alleged in the complaint and separate affidavits, determine[e] if there was evidence to controvert what was said to have occurred, and either procur[e] affidavits or arrang[e] for live testimony from witnesses." *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 357 (5th Cir. 1971); *see also Four Seasons*, 320 F.2d at 1211 ("The [*Marshall Durbin*] court found that the defendants were placed in an 'impossible position insofar as both preparing and presenting an effective response to the motion'" (quoting *Marshall Durbin*, 446 F.2d at 356–57)).

Here, the Plaintiff has offered numerous affidavits and exhibits to support its jurisdictional and merits allegations. *See* Patent Ex. [ECF No. 9-1]; Products Ex. [ECF No. 11-1]; Pl.'s Decl. [ECF No. 12-2]; Rubio Decl. [ECF No. 12-3]. At most, the Defendants had five days to investigate the scope of the Plaintiff's patent, review their transactions within this District, and scramble together a defense to the Plaintiff's claims. Based on the record before us, we hold that such short notice deprived the Amazon Defendants of "an adequate opportunity to present their arguments and educate the court about the complex issues involved." *Four Seasons*, 320 F.3d at 1212. Accordingly, we'll **DEFER** ruling on the Plaintiff's Motion for Preliminary Injunction as to the Amazon Defendants. *See* Omnibus Order [ECF No. 32] at 2–3 (enumerating further proceedings on this Motion as it relates to the Amazon Defendants).

The Ebay Defendants, on the other hand, have had sufficient time to respond to the Amended Complaint—and none have. *See generally* Docket. And the Plaintiff's evidence establishes that it has a strong probability of proving at trial that the products the Ebay Defendants are selling and promoting for sale contain unauthorized reproductions and or copies of the Plaintiff's Patent. *See, e.g.*, Tan Decl. ¶ 14 ("[P]roducts are being offered for sale to residents of the United States and the State of Florida

[by the Ebay Defendants] using unauthorized and infringing copies of the '272 Patent.'"). We also find that the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted, that the balance of potential harm to the Ebay Defendants in restraining their trade in infringing goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, and its reputation as the owner of Plaintiff's Patent, and that the public interest favors issuance of the preliminary injunction to protect the Plaintiff's Patent interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Preliminary Injunction [ECF No. 12] is **GRANTED** as to the Ebay Defendants (Defs. Nos. 24–37 on Schedule A to the Amended Complaint [ECF No. 9-2]) and **DEFERRED** as to the Amazon Defendants (Defs. No. 1–22 on Schedule A).

2. A preliminary injunction is **ENTERED** as to the Ebay Defendants as follows:

    a. Each of the Ebay Defendants (Defs. Nos. 24–37 on Schedule A to the Amended Complaint [ECF No. 9-2]), its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are **ENJOINED**:

        i. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products which reproduce or copy Plaintiff's Patent; and

        ii. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of:

            1. Any products, not manufactured or distributed by the Plaintiff, which consist of copy or counterfeit of the Plaintiff's Patent;

    2. Any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products which consist of, contain or copy the Plaintiff's Patent; or

    3. Any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Ebay Defendants.

b. Each of the Ebay Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the use of any unauthorized copies of the Plaintiff's Patent on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

c. Each of the Ebay Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

d. Upon receipt of notice of this Order, the Ebay Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Ebay Defendants, including but not limited to, Amazon, Amazon Pay, eBay, Walmart, Paypal, Temu and their related companies and affiliates (collectively, the "Third-Party Providers"), shall after receipt of notice of this Order, restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Ebay Defendants' benefit or to be transferred into the Ebay Defendants' respective financial accounts, restrain

any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Such restraining of the funds and the disclosure of the related financial institution account information (as provided below) shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

e.  The Third-Party Providers shall continue to provide the Plaintiff information regarding:

   i.  The identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under Seller IDs Nos. 24–37 identified on Schedule A of the Amended Complaint, as well as any other accounts of the same customer(s); and

   ii. An accounting of the total funds restrained and identities of the financial accounts and sub-accounts for which the restrained funds are related.

f.  Any Ebay Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

g.  This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by the Ebay Defendants for the purpose of infringing the Plaintiff's Patent at issue in this action and/or unfairly competing with Plaintiff.

    h.  This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated to by the parties.

    i.  The Court determines that the bond in the amount of $10,000.00, posted by Plaintiff as evidenced by Plaintiff's Notice [ECF No. 26] is sufficient and shall remain with the Court until a final disposition or until this preliminary injunction is dissolved or terminated or until further Order.

**DONE AND ORDERED** in the Southern District of Florida on August 12, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record